## Scott's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Robert T. McCracken,* for exceptants.

*Morgan, Lewis & Bockius, Pepper, Bodine, Stokes & Schoch,* and *Francis F. Burch,* contra.

SINKLER, J., December 27, 1940.—The exceptions to the adjudication raise two questions: First, whether the directions found in decedent's will and codicils to accumulate income violate the statute prohibiting accumulations. This was answered in the negative by the auditing judge. Second, whether excess income directed to be accumulated should not be distributed to testatrix's heirs. This, likewise, was answered in the negative by the auditing judge.

The account reveals that income has been accumulated in the amount of approximately $18,000. The will contains a direction that annuities be paid to certain individuals, aggregating $13,500, which amount has been reduced to $12,300 by reason of the death of one of the beneficiaries.

In our opinion the amount accumulated is a reasonable amount to safeguard the annuitants against shrinkage in income from the trust estate: Howell's Estate, 180 Pa. 515. With this conclusion the auditing judge agrees. With his consent, the adjudication is modified to the extent that the residuary estate, together with the accumulated income, is awarded to the trustees for the purposes of the trust, without prejudice to the right of any party in interest to claim, at an audit upon a future accounting, the accumulations of income, should such accumulations appear greater than is reasonably adequate to protect the annuities against deficiency in income.

The exceptions are dismissed, and the adjudication, as modified, is confirmed absolutely.